IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEFF H. WILLIAMSON, (Reg. #29447-016)  Plaintiff, vs. HEARST CORPORATION, *et al.*, Defendants. | § § § § § § § § § § § § CIVIL ACTION H-10-1021 |

**MEMORANDUM AND OPINION**

Jeff H. Williamson, an inmate of the Houston Federal Detention Center, sued in March 2010, alleging civil rights violations resulting from retaliation. Williamson, proceeding *pro se* and *in forma pauperis*, sues the Hearst Corporation; Dale Lezon, a reporter for the *Houston Chronicle*; and Jack Sweeney, the publisher of the *Houston Chronicle*.

This court concluded that because Williamson has not stated a basis for relief, this case is dismissed. The reasons are stated below.

**I.      The Allegations in the Complaint**

Williamson alleges that the March 11, 2010 issue of the *Houston Chronicle* included an article entitled "Man Convicted of Sending Threats From Houston Library PC." The article stemmed from Williamson's criminal case, *United States v Williamson,* Criminal No. H-08-539, in the Houston Division of the United States District Court for the Southern District of Texas. Williamson alleges that the defendants published the article to retaliate against him for exercising his First Amendment right to criticize public officials, the government, and the national mainstream media on his websites. Williamson was the websites to promote the "Renegade Movement," which strives

to expose corruption in the federal government and cover-ups by the mainstream media. Williamson has been a "political blogger" and "government-media watchdog" for about eight years. Williamson asserts that the defendants sought to destroy and cripple his movement by publishing the article. Williamson seeks a declaration that the defendants violated his rights under the federal and Texas Constitutions; a preliminary and permanent injunction ordering the defendants to print a retraction of the false parts of the article and enjoining the defendants from publishing false articles about Williamson; compensatory damages of $1,000,000.00 against each defendant; and punitive damages of $1,000,000.00 against each defendant.

**II.   Analysis**

A district court must dismiss a prisoner's § 1983 complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2)(B)(i), the court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007) (citing *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998)). The court may dismiss the claim "'before service of process or before the filing of the answer' as long as certain safeguards are met." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990)). The Fifth Circuit reviews such dismissals for abuse of discretion. *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a

legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

A cause of action under § 1983 requires a showing that the plaintiff has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan,* 443 U.S. 137 (1979). The actions of private actors, such as the defendants, are not state action under § 1983. *See Briscoe v. LaHue,* 460 U.S. 325, 329 (1983). Williamson has not alleged that he has been deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by someone acting under color of state law. Williamson's claims are dismissed as frivolous.

### III. Conclusion

Williamson's motion to proceed *in forma pauperis,* (Docket Entry No. 3), is granted. The action filed by Jeff H. Williamson (Reg. #29447-016) is dismissed with prejudice as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

The agency having custody of Williamson must deduct twenty percent of each deposit made to Williamson's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) The Inmate Trust Fund, for the Houston Federal Detention Center, P.O. Box 526245, Houston, Texas 77052-06245, Attention: Norma Maune; and

(2)     The District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on March 31, 2010, at Houston, Texas.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Lee H. Rosenthal
　　　　　　　　　　　　　　　　　　United States District Judge